BARTON vs. THE STATE.

23 587
61 LRA 820
61 LRA 822

*Forgery — Divisible offenses.— Plea of guilty to several indictments — Effect of pardon, after sentence upon one.*

1. Several drafts, precisely alike except as to the figures designating their numbers, were uttered at the same time by the same person. *Held*, that, while the *uttering* was one indivisible act, the *forgery* of each draft was a separate offense.

2. Defendant pleaded guilty to several indictments, each based on a different one of said drafts, and each containing four counts; first, for forging the draft (set forth in *hæc verba*); second, for uttering it; third, for forging, and fourth, for uttering the indorsement thereon. Having been sentenced on one indictment, and judgment on the others being suspended, he was pardoned to become a witness, and being then taken into custody on the other indictments, moved for leave to withdraw his plea of guilty and to plead his former conviction. *Held*, that the motion was properly denied.

ERROR to the Circuit Court for *Dane* County.

The plaintiff in error brought this suit to reverse a judgment of the circuit court against him in a criminal action. The case will appear sufficiently from the opinion.

*E. W. Keyes*, for the plaintiff in error, to the point that conviction on one of the indictments was a bar to the others, cited 7 Cow. 414, 54; 1 Green (N. J.) 361; 2 Hawks, 98; 1 Rich. 219; 1 Met. 258; 2 id. 413; 12 Ala. 840; 4 Dana, 518; 14 Ind. 327; 10 Humph. 101; 7 Mo. 55; 29 Me. 329; 1 Scam. 172; 17 How. 204–8; 16 Ill. 380; 19 Ohio, 423; 1 Greene (Iowa), 392; Thach. Cr. Cas. 202; 4 Car. & P. 386; 1 Parker, 445, 338, 182; 1 Whart. Cr. L. § 565, and note "*b*." In forgery, the *number* of a bill is no part of it. Whart. Am. Cr. Law. § 306; Miss. 62, 202; 3 Johns. Cas. 299; 5 N. H. 367; 5 Cush. 605; 8 Leigh, 732; 2 Bing. 232.

*John C. Spooner*, Assistant Attorney General, for the state, argued that while the uttering of several forged drafts *together*, at the same time or by the same act, constitutes but one offense, yet successive utterances of such drafts, even if but a single minute intervene between the several acts, and equally where the utterances are to the same person as where they are to different persons, would constitute, beyond a doubt, separate offenses; and in like manner the forgery of the signature to each draft, being a separate act, is a separate offense. If in this case, therefore, the uttering of the several drafts was a single offense, still the forgeries were distinct, and the plaintiff in error liable for each.

Cole, J. From the statement of facts agreed upon in this case, it appears that the defendant forged five separate drafts for the payment of money, each the same in all respects as the one set out in the copy of the indictment contained in the plea, except that they were numbered respectively 482, 483, 484, 485 and 486; that these drafts were upon the same sheet of paper, being printed blanks, each separate, as is usual in a

draft-book; that it was not known at what time these forgeries were committed; that the defendant uttered all of these drafts at the same time to the First National bank of Madison; that three indictments were presented by the grand jury of Dane county, which indictments were similar, except that the numbers of the drafts were given, each a different one, in the several indictments.

Each indictment, then, contained, first, a count for forging a draft, a copy of which was set forth in *hæc verba;* second, a count for uttering a forged draft; third, a count for forging the indorsement of the draft as alleged; and, fourth, a count for uttering the forged indorsement.

The defendant, having pleaded guilty to these several indictments, was sentenced, upon the first, to imprisonment in the state prison, judgment on the others being suspended. Afterward, he was pardoned by the governor, for the purpose of making him a witness in a criminal prosecution. He was then again taken into custody upon the other indictments. Before judgment was pronounced on the second indictment, the defendant moved for leave to withdraw his plea of guilty, and file a plea of a former conviction for the same offense. This plea was based upon the facts above stated. The motion to withdraw the plea of guilty was denied, and the defendant was sentenced to imprisonment in the state prison for the term of four years, on the second indictment. And the only question arising upon these facts is, whether the forging the five drafts and uttering the same, as above mentioned, constitute but one offense in law, so that a conviction upon an indictment for forging and uttering one draft is a bar to a conviction on the other indictments.

The forging of each draft was a distinct and separate offense by itself. R. S. ch. 166, § 1. The fact that the five drafts were each for the same amount, and upon the same sheet of paper, is entirely immaterial. They were five distinct and

separate forgeries. The uttering of the five drafts, under the circumstances, would be one indivisible act. This the authorities referred to by the counsel for the defendant clearly establish. The case of *The State v. Benham*, 7 Conn. 414, is entirely applicable upon that point. There the offense consisted in a person having in his possession forged bank bills of different banks at the same time, with intent to pass them, and thereby defraud, etc. The court held, that the act of possessing the several notes was not separable, but was one and the same offense, as much as the act of stealing a number of articles at the same time and place. WILLIAMS, J., says: "All that is necessary to constitute the identity of the offense, is, that the same evidence would convict." But, from the nature of the case, evidence showing that the defendant forged one of these drafts, would not prove that he forged the others. For the forging of each draft was a distinct offense by itself. This proposition seems to us quite too clear to require further remark.

*By the Court.* — The judgment of the circuit court is affirmed.