UNITED STATES et al. v. CARPENTER.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

No. 1,338.

1. CRIMINAL LAW—CUMULATIVE SENTENCES—EFFECT OF INVALIDITY OF INTERMEDIATE SENTENCE.

A prisoner, sentenced at the same time to three successive terms of imprisonment on different counts of an indictment, when for any reason the sentence for the second or middle term is void, is not for that reason entitled to be discharged at the expiration of the first term; but in such case the third term begins at once on the expiration of the first.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 3298–3301.]

2. FORGERY—SEPARATE OFFENSES—FORGERY OF DIFFERENT INSTRUMENTS AT THE SAME TIME.

Although separate instruments were forged by a defendant on the same date and as a part of the same general transaction, the forgery of each constitutes a separate offense, punishable under a separate indictment or count.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Forgery, § 1.]

3. HABEAS CORPUS—DISCHARGE OF CONVICT—DEFECTIVE SENTENCE.

Where a court has entered against a prisoner a sentence of imprisonment defective in form only, a federal court, in a habeas corpus proceeding, which is required by Rev. St. § 761 [U. S. Comp. St. 1901, p. 594], to "dispose of the party as law and justice require," should not discharge such prisoner without affording the court which imposed the sentence an opportunity to correct the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 100.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Potter Charles Sullivan, Walter Christian, and Charles T. Hutson, for appellants.

Andrew R. Black, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Hugh Carpenter, who was in the custody of the appellant in the United States penitentiary on McNeill's Island, filed his petition in the court below for a writ of habeas corpus, alleging that he was unlawfully imprisoned. Upon the hearing the court allowed

the writ and adjudged that the petitioner be discharged. From that judgment the present appeal is taken.

The petitioner and two others were indicted in the District Court of the United States for the District of Oregon for violation of section 5463 of the Revised Statutes, as amended by Act June 18, 1888, c. 394, § 2, 25 Stat. 187 [U. S. Comp. St. p. 3689]. The indictment contained four counts. The first count charged the alteration of a certain money order on November 28, 1903; the second count charged the utterance of that order; the third count charged the alteration of a certain other money order on November 28, 1903; and the fourth count charged its utterance. The petitioner pleaded guilty, and was thereupon sentenced upon the first three counts to be imprisoned "at hard labor for the term of two years for the offense charged in the first count of said indictment, and for a further term of two years thereafter for the offense charged in the second count of said indictment, and for the further term of two years thereafter for the offense charged in the third count of said indictment," and that he be committed until his sentence be performed or until he be discharged according to law. It was held in the court below that the first and second counts charged but one crime, and that the imposition of a second sentence of two years' imprisonment on the second count was void; that, the time of imprisonment on the first count having expired and the time which by the sentence should intervene between the termination of the first term of imprisonment and the commencement of the second not having elapsed, the present imprisonment of the petitioner is not in execution of the sentence.

Section 5463, as amended, provides:

"That any person who shall, with intent to defraud, falsely forge or counterfeit the signature of any postmaster, assistant postmaster, chief clerk, or clerk upon or to any money order or postal note, or blank therefor provided or issued by or under the direction of the Post-Office Department of the United States, or of any foreign country, and payable in the United States, or any material signature or indorsement thereon, or any material signature to any receipt or certificate of identification thereon; any person who shall falsely alter, or cause or procure to be falsely altered in any material respect, or knowingly aid or assist in falsely so altering any such money order or postal note; any person who shall, with intent to defraud, pass, utter, or publish any such forged or altered money order or postal note knowing any material signature or indorsement thereon to be false, forged, or counterfeited, or any material alteration therein to have been falsely made, * * * shall, upon conviction, be punishable by fine of not more than five thousand dollars, or by imprisonment at hard labor for not less than one year and not more than five years."

If this section were before us for construction, unaffected by precedent, we should be disposed to hold that it was intended to provide for the punishment of two distinct offenses, one of forging or altering a money order and one of uttering the same, and that the first two counts of the indictment which is before us charge distinct and separate crimes, punishable by separate sentences. But it has been generally held that the forging and uttering of a forged instrument are parts of one transaction, and that, where the different counts of an indictment charge different crimes which are parts of a single transaction, the sentence based on a general verdict or plea of guilty must impose only one penalty, and that a separate sentence for each count is erroneous and void.

Parker v. People, 97 Ill. 32; In re Walsh, 37 Neb. 454, 55 N. W. 1075; Devere v. State, 5 Ohio Cir. Ct. 509; Ex parte Joyce, Fed. Cas. No. 7,556; Lovejoy v. State, 40 Tex. Cr. R. 89, 48 S. W. 520.

But we are of the opinion that the court below erred in discharging the petitioner. Conceding that the sentence upon the second count was void, the imprisonment under the third count should begin immediately upon the expiration of the sentence imposed upon the first. Kite v. Commonwealth, 11 Metc. (Mass.) 581, 585; Ex parte Jackson, 96 Mo. 116, 119, 8 S. W. 800. In the case last cited the court said:

"The only point, therefore, left for discussion, is this: Whether the prisoner, having been sentenced at the same term of court to three successive terms of imprisonment in the penitentiary, having reversed the judgment and sentence of imprisonment pronounced against him as to the second or middle term, and served out his sentence as to the first term, is entitled to be discharged from serving out his third or last term. To this point the response must be in the negative, and for these reasons: The judgment upon which the prisoner's second term of imprisonment was dependent having been reversed, the case stands here precisely as if he had served out his second term or had been pardoned as to the offense for which that sentence was imposed, and so his third term of sentence lawfully began upon the expiration of his first term."

That the sentence on the third count was lawfully imposed there can be no doubt. That count charged the alteration of a money order with intention to defraud the United States. It is true that the time when the alteration is charged to have been made is the same date on which the money order described in the first count was alleged to have been altered; but it is none the less a separate and distinct forgery punishable under a separate indictment. "Although several drafts may be uttered as one indivisible act, the forgery of each is a separate offense." 19 Cyc. 1411; Barton v. State, 23 Wis. 587.

There can be no doubt that the United States District Court for the District of Oregon intended to impose cumulative sentences upon the petitioner. We discover no fatal defect in the language of the sentence, rendering it uncertain when the term of imprisonment on the third count shall begin; but, if there were such a defect, we are of the opinion that it would have been the duty of the court below to have afforded the court which imposed the sentence an opportunity to correct the same before discharging the petitioner upon a writ of habeas corpus. Ex parte Peeke (D. C.) 144 Fed. 1016, and cases there cited.

The judgment is reversed.