551 P.2d 589
**STATE of Arizona, Appellee,**

v.

**Herman Richard TAYLOR, Appellant.**

**No. I CA–CR 1576.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 29, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudolph J. Gerber, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

The appellant was convicted, after a jury trial, of two counts for forgery of a credit card and one count of possession of a stolen credit card, in violation of A.R.S. § 13–1074 and § 13–1073. He was sentenced on each count to a term of not less than four nor more than five years, the sentences to run concurrently.

The only issue raised in this appeal is whether appellant was properly convicted of multiple crimes.

The events leading to the charges against appellant took place at a restaurant in Phoenix, and are not in dispute for purposes of this appeal. On May 6, 1975, appellant ordered drinks and a meal at the restaurant. He was then in possession of a Bankamericard which had been issued in the name of Albert F. Mullins, Memphis, Tennessee, and which had been taken from the possession of Mr. Mullins' wife.

A cocktail waitress at the restaurant presented appellant with two separate bills, one in the amount of $10.25 for food, and one in the amount of $8.00 for liquor from the bar. Appellant offered a Bankamericard to the waitress and then signed the name of Albert Mullins to each of two

credit slips. He was subsequently arrested and charged with two counts of credit card forgery and one count of possession of a credit card with intent to defraud, leading to the convictions appealed from here.

■ In deciding whether the defendant could properly have been convicted of multiple crimes in these circumstances, we must first consider whether, under the identical elements test applicable in Arizona, the crimes of possession of a credit card with intent to defraud and forgery can be considered separate punishable offenses. In *State v. Sutton*, 27 Ariz.App. 134, 551 P. 2d 583, handed down simultaneously with this opinion, we have held that the elements of the two crimes are not identical, and that the conviction of both possession of a stolen credit card with intent to defraud, and credit card forgery, did not violate the double punishment provisions of A.R.S. § 13-1641. Our holding in *Sutton* is controlling as to this aspect of appellant's case.

■ We then must determine whether the appellant could properly have been convicted of two separate counts of forgery of a credit card in connection with the signing of the two credit slips. Appellant's position is that the two signings were a part of the same transaction, and therefore cannot be viewed as separable crimes. In support of this position, appellant relies upon the general law applicable to larceny, citing the following statement contained in 50 Am.Jur.2d, Larceny § 3 at 154 (1970):

"Most courts hold that the stealing of several articles at the same time and place, as one continuous act or transaction, is a single offense. Accordingly, the stealing of property from different owners at the same time and at the same place constitutes but one larceny, at least when it is one continuous act or transaction, or when actual control over the subjects of the larceny is exercised simultaneously."

While this may be an accurate statement of the law with respect to larceny, the crime here involved is forgery. The State correctly points out, under A.R.S. § 13-1074 (B), the act proscribed is the signing of another's name, and here there were two signings.

36 Am.Jur.2d, Forgery § 43 at 705 (1968), states:

"As to several acts of forgery, each generally constitutes a separate crime, even though they are committed in the course of a continuous transaction, on the same date, or even on the same piece of paper, unless each act constitutes merely one of a series related to an indivisible instrument."

This general principle has venerable roots. Thus in *United States v. Carpenter*, 151 F. 214, 216 (9th Cir. 1907), the court held that drafts passed at the same time for the same purpose could be the basis of separate forgery offenses. The court quoted from *Barton v. State*, 23 Wis. 587 (1869), in stating:

" 'Although several drafts may be uttered as one indivisible act, the forgery of each is a separate offense.' " (151 F. at 216).

In *People v. Cline*, 79 Cal.App.2d 11, 179 P.2d 89 (1947), the court found that forgery of each of eight documents, although a part of one transaction, could be treated as eight separate offenses of forgery. *See also State v. Finney*, 139 Kan. 578, 32 P.2d 517 (1934).

The principle has been adopted by our Supreme Court. Where a defendant passed two checks on the same date to the same victim, one in payment for a truck, one to receive $20 in cash, the court held that he could be charged and convicted of two bogus check felonies. *State v. Buckmaster*, 94 Ariz. 314, 383 P.2d 869 (1963).

We recognize that the crimes here were related. However, this apparently was taken into account by the trial court in determining that the sentences should run concurrently and not consecutively. *See*

State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960).

The judgment and sentences are affirmed.

JACOBSON, P. J., and WREN, J., concur.