## UNITED STATES v. LANE.

### SAME v. REESE.

(District Court, W. D. Kentucky.   March 24, 1914.)

1. CRIMINAL LAW ⬳993—SENTENCE—MODIFICATION.
    The government is not authorized to move for a modification of the judgment and sentence in a criminal case with respect to the place of imprisonment, in the absence of any of the contingencies covered by Rev. St. § 5546 (Comp. St. 1913, § 10547), providing that all persons convicted of crime in a district, territory, or country where there may not be any penitentiary, or jail suitable for the confinement of convicts, or available therefor, shall be confined in some suitable jail or penitentiary in a convenient state or territory, to be designated by the Attorney General, and that the place of imprisonment may be changed in any case when, in the opinion of the Attorney General, it is necessary for the preservation of the health of the prisoner, or when, in his opinion, the place of confinement is not sufficient to secure the custody of the prisoner, or because of cruel and improper treatment.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2529, 2531; Dec. Dig. ⬳993.]

2. CRIMINAL LAW ⬳993—SENTENCE—MODIFICATION.
    When the statutory contingencies have not been met, the sentence of a court in a criminal case should not be changed, without notice to the prisoner, or unless he consents, or has been heard upon it.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2529, 2531; Dec. Dig. ⬳993.]

Arthur Lane and John Reese were separately convicted of offenses, and the government moves to modify the judgments and sentences. Motions overruled.

George Du Relle, U. S. Dist. Atty., of Louisville, Ky., for the motions.

EVANS, District Judge.   [1] In these two cases, during the present March term of the court, the defendants were separately convicted of offenses against the laws of the United States.   Lane was sentenced to confinement in the Jefferson county jail for a period of 4 months. Reese was sentenced to the same jail, and under the mittimus was sent there for a period of 20 days, nearly all of which has expired.   In each of these cases, without notice to the prisoner, the United States has moved the court to change its judgment and sentence, and this, too, without indicating whether the prisoners desired such change or not. Inasmuch as at the time the sentences were imposed the United States had declined to pay the expenses of a prisoner's return to his home after the expiration of his sentence, where it was for less than six months, the court had not been inclined to sentence residents of Louisville, for example, to imprisonment in Hardin county, and thus leave them to get home as best they could after the expiration of the term, and especially as the government does pay the expenses home of prisoners who are sentenced for six months or over, and therefore presumably guilty of much more serious offenses.   But, whatever the reasons for so do-

ing, the court, in the proper exercise of its powers, entered the judgments indicated.

[2] The motions of the United States are in the nature of motions for a new trial or for a modification of the respective judgments. In criminal cases I know of no practice that authorizes the United States to make motions of that character. Indeed, such a course is practically unheard of. Here neither one of the prisoners has moved either for a new trial or for such modification of the judgment of the court as is involved in the motion now made by the United States alone. Under section 5546 of the Revised Statutes the Attorney General is authorized, in certain definitely stated contingencies, to change the place of imprisonment mentioned in the judgment of the court. But there has been no showing, in support of the pending motions, that any one of such contingencies has arisen. Upon general principles of jurisprudence, and when the statutory contingencies have not been met, the sentence of a court in a criminal case should not be changed without notice to the prisoner, nor unless he consents, or has been heard upon it.

Without going into details, we have reached the conclusion that it is not competent for the United States, or, if competent, under the circumstances it is not, in the discretion of the court, advisable to modify its judgment in either of these cases upon the motion of the government alone, and in the absence of the consent of the prisoners undergoing sentence.

Accordingly in each of these cases the motion of the United States will be overruled.