*In re* Wernsen.

No. 19,838.

IN RE WILLIE WERNSEN, *Petitioner.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Burglary and Larceny Committed with Burglary are Separate Offenses.* The decision in the case of *The State v. Mooney,* ante, p. 353, 144 Pac. 228, holding that under section 72 of the crimes act (Gen. Stat. 1909, § 2560) burglary and larceny committed in connection with burglary are separate offenses, followed.

2. ———— *Conviction of Burglary and Larceny—Sentences Run Concurrently Unless Otherwise Expressed.* The decision in the case of *In re Weisman,* ante, p. 161, 143 Pac. 487, holding that terms of imprisonment under several sentences imposed at the same time run concurrently unless otherwise expressed, applied to a sentence of imprisonment for burglary and larceny committed in connection with the burglary.

Original proceeding in habeas corpus. Opinion filed December 18, 1914. Petitioner discharged.

*Benjamin F. Endres,* of Leavenworth, for the petitioner.

*John S. Dawson,* attorney-general, and *James Preston Coleman,* assistant attorney-general, for the respondent.

The opinion of the court was delivered by

BURCH, J.: The petitioner was charged in an information containing one count with burglary of a store building, not alleged to have been committed in the nighttime, and with larceny of money and property committed in connection with the burglary. He pleaded guilty, and was sentenced in the following form:

"IT IS THEREFORE, now by the Court, considered, ordered and adjudged, that the said defendant, Willie Wernsen, be and is hereby sentenced to confinement in the Kansas State Industrial Reformatory until dis-

charged by the Board of Managers thereof, and not to exceed the maximum term of imprisonment provided by the statutes for said crime."

After confinement in the reformatory for a period of time the petitioner was paroled. Later his parole was revoked and he has since been confined in the penitentiary. The total period of his incarceration exceeds five years and he now demands his release.

The statutes applicable to the case are the following:

"Every person who shall be convicted of breaking and entering in the daytime any dwelling-house or building, or any shop, store, tent, booth, boat, or vessel, or any passenger coach, baggage, freight, or express car, caboose, or other railway carriage, under such circumstances as would have constituted the offense of burglary in the second degree if committed in the nighttime, shall be deemed guilty of burglary in the third degree." (Gen. Stat. 1909, § 2557.)

"Every person who shall be convicted of burglary shall be punished by confinement and hard labor, if in the first degree not less than ten years nor more than twenty-one years; if in the second degree, not less than five nor more than ten years; if in the third degree, not exceeding five years." (Gen. Stat. 1909, § 2559.)

"If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment; and on conviction of such burglary and larceny, shall be punished by confinement and hard labor, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years." (Gen. Stat. 1909, § 2560.)

"When any person shall be convicted of two or more offenses before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior convictions." (Crim. Code, § 250.)

There is no single offense known to the law as burglary and larceny to which a penalty of confinement for five years plus an additional five years may be affixed.

(*The State v. Mooney,* ante, p. 353, 144 Pac. 228.) Section 2560 is in the nature of a special larceny statute covering larceny committed in connection with burglary, and the statute itself distinguishes the crime of larceny committed under such circumstances from the crime of burglary committed at the same time by the use of the expression "both offenses." The result is the petitioner pleaded guilty to two separate and distinct crimes, burglary in the third degree and larceny of the character described. The penalty for the first is confinement for not more than five years; for the second, confinement for not exceeding five years additional. The word "additional" does not serve to amalgamate the two penalties into a single term of not exceeding ten years, nor does it relate to the beginning and ending of terms of imprisonment. It merely carries out the idea of additional punishment for the additional crime, and sentence should have been pronounced as if there had been separate convictions.

While section 250 refers to successive convictions, the opening words are general. They are, "When any person shall be convicted of two or more offenses before sentence shall have been pronounced upon him for either offense." Therefore the statute applies to simultaneous as well as successive convictions. The petitioner's term of imprisonment for larceny not having been stated in the sentence as commencing at the end of his term of imprisonment for burglary, the two terms ran concurrently. (*In re Weisman,* ante, p. 161, 143 Pac. 487.)

The petitioner is discharged.