The State v. Bratcher.

---

No. 21,932.

THE STATE OF KANSAS, *Appellee*, v. W. P. BRATCHER, *Appellant.*

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information Charging Burglary and Larceny—Conviction of Grand Larceny Alone.* Under an information charging the defendant with burglary, and larceny of property worth more than twenty dollars committed in connection therewith, a conviction of grand larceny may be had.

2. SAME—*Sufficient Evidence.* The evidence held sufficient to support a verdict of grand larceny.

3. SAME—*Instructions—Evidential Effect of Certain Evidence.* An instruction relating to the evidential effect of the possession of recently stolen property held not to have been prejudicial.

4. SAME—*Instruction as to Burglary and Larceny—Not Prejudicial.* On a charge of burglary and larceny, the defendant, having been convicted of grand larceny alone, cannot have been prejudiced by an instruction indicating a belief on the part of the trial court that the law recognizes a distinct offense known as "burglary and larceny."

5. SAME—*Omission to Instruct Relative to Value of Stolen Property—Not Prejudicial Error.* The omission, in charging the jury concerning the evidence warranting a conviction of grand larceny, to mention that the stolen property (an Overland automobile) must have been worth at least twenty dollars, is not prejudicial, where it was manifestly worth much more than that and there was no controversy on the subject.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed December 6, 1919. Affirmed.

*Charles Bucher*, of Coffeyville, and *Thomas E. Wagstaff*, of Independence, for the appellant.

*Alfred G. Armstrong*, county attorney, and *James F. Sanford*, assistant county attorney, for the appellee; *Thurman Hill*, of Independence, of counsel.

38—105 KAN.

The opinion of the court was delivered by

MASON, J.: W. P. Bratcher was prosecuted upon a charge of burglariously entering a garage and stealing an Overland automobile worth $600. He was convicted of grand larceny, and appeals.

1. The defendant contends that the information was fatally defective and should have been quashed because it treated the combination of burglary and larceny as constituting a separate and distinct offense. To support this view reliance is placed upon cases which were reversed because of proceedings in the trial court based on that conception. (*The State v. Mooney*, 93 Kan. 353, 144 Pac. 228; *In re Wernsen*, 93 Kan. 625, 144 Pac. 1018.) In the case first cited, the jury found that the defendant was not guilty of burglary and not guilty of larceny, but was guilty of "burglary and larceny." This was held not to amount to a verdict of conviction. In the other case, the defendant pleaded guilty to a charge of burglary, and larceny committed in connection therewith, and received an indeterminate sentence. It was held that two offenses were involved, that of burglary and that of larceny, and not a single offense, known as burglary and larceny, and that the terms of punishment ran concurrently, the judgment containing nothing to indicate the contrary. Here the information charged burglary, and larceny in connection therewith, and was sufficient as to each offense, and was obviously not subject to a motion to quash. The defendant claims, however, that it was drawn solely under the section of the crimes act relating to larceny committed in connection with burglary (Gen. Stat. 1915, § 3440), and did not charge grand larceny, which is defined in another section. (Id. § 3448.) The effect of the decisions above cited is to establish that the larceny referred to in section 3440 is the same offense that is defined in section 3448; in fact, it is necessary to go to the latter section for a definition in order to make the former one effective. If a larceny is found to have been committed in connection with a burglary of which the defendant was guilty, the penalty is fixed at five years. If, however, the defendant is acquitted of the burglary, and convicted of the larceny, as he may be, the punishment depends upon whether or not the character or

value of the property stolen, or other circumstances, makes the offense grand larceny. (*The State v. Brandon*, 7 Kan. 106; *In re Spaulding*, 75 Kan. 163, 88 Pac. 547.) True, the language of section 3440 is that the two offenses may be prosecuted in one indictment "if any person in committing burglary shall also commit a larceny," but the meaning obviously is that if he is *charged* with such conduct he may be prosecuted in that manner.

2. The contention is made that the evidence did not sustain the verdict. One M. C. Armstrong testified that upon the suggestion of the defendant the two planned to steal the car; that he was to go into the garage and get it, while the defendant was to race the engine of his own car so that the owner of the stolen car would not hear it when he started up; that this plan was carried out; that an agreement was made to divide the proceeds when the car should be sold; and that later Armstrong traded it for a Ford car and sixty dollars. This tended to show that the defendant counseled, aided and abetted in the commission of the crime of grand larceny, and therefore could be charged, tried and convicted in the same manner as if he were a principal. (Gen. Stat. 1915, § 8029.) It was not absolutely necessary to a conviction that Armstrong's testimony should be corroborated (*The State v. Patterson*, 52 Kan. 335, 34 Pac. 784), and therefore no occasion arises to state the additional evidence relied on by the state as having that effect.

3. Complaint is made of an instruction relating to the evidential effect of the recent possession of stolen property, reading as follows:

"You are instructed that the possession of stolen property, recently after the theft, throws upon the possessor thereof the burden of explaining such possession; and if the same is unexplained, such possession may be sufficient of itself to warrant a conviction of the crime of larceny. However, such possession to warrant a conviction by reason thereof must have been so recent after the time of the commission of the larceny as to render it morally certain that such possession could not have changed hands since the commission of such larceny."

This instruction is somewhat better than that which was criticised in *The State v. White*, 76 Kan. 654, 663, 664, 92 Pac. 829, but was there held not to be a ground of reversal. There seems to have been no necessity here for giving it, or any in-

struction on the subject: The defendant testified to having been in the stolen car with Armstrong for a considerable time, but gave an explanation which, if true, acquitted him of knowledge of the theft. The case turned upon whether the story of the defendant or that of Armstrong was substantially true. But the fact that the instruction had obviously so little relevance to the situation makes it quite certain that the jury could not have been misled by it.

4. Another instruction is objected to on the ground that it indicated the trial court's view to be that the law recognizes a distinct offense known as "burglary and larceny." Whether that is so or not cannot be now important, since the conviction was had only upon the charge of larceny. (*The State v. Countryman*, 57 Kan. 815, 48 Pac. 137.)

5. In telling the jury under what view of the evidence they might convict of grand larceny the court omitted to mention that the property stolen must have been of the value of at least twenty dollars. It was so obvious that the automobile was worth much more than that amount that the omission cannot be regarded as important.

The judgment is affirmed.