No. 22,215.

THE STATE OF KANSAS, *Appellee*, v. JAMES McDONALD, *Appellant*.

SYLLABUS BY THE COURT.

1. ARSON — *Two Defendants Jointly Charged — Separate Trial — Testimony of Accomplice Competent.* Where two persons are jointly charged with arson and upon a separate trial one of them is offered as a witness against the other, the testimony of such witness, although an accomplice, is competent, and his uncorroborated evidence, if otherwise sufficient, will sustain a verdict of guilty, but the credit to be given to the testimony of an accomplice is a matter for the determination of the jury.

2. SAME—*Certain Evidence Properly Excluded.* Testimony offered in behalf of the defendant to the effect that the accomplice was a member of the I. W. W. and was seen talking to a stranger suspected of being a member of that organization was properly excluded.

3. SAME — *Improper Evidence Properly Withdrawn.* Ordinarily the prompt withdrawal of improper evidence and an instruction by the court to give it no consideration, cures the error of its admission.

4. SAME—*Instructions as to One Who "Aids, Abets or Assists" in Commission of Crime.* In instructing the jury that one who aids, abets or

The State v. McDonald.

assists in the commission of an offense is equally guilty with another who actually commits it, the court did not define the term "aid" nor did the defendant request that such a definition be given. *Held*, not error.

5. SAME—*"Concealment" of Crime.* Nor is there good ground for the complaint that the court omitted to define the word "concealment" as used in an instruction regarding the aiding and abetting in the commission of an offense.

6. SAME—*Instructions as to Reasonable Doubt.* The court having stated that every element of the offense must be established by the evidence and proven beyond a reasonable doubt, and this admonition being applicable to all parts of the instructions, there was no necessity to repeat it in every instruction given on the several propositions in the case.

7. SAME—*Instructions as to Circumstantial Evidence.* An instruction as to the force and effect of circumstantial evidence, and stating that under certain circumstances a conviction might rest on such testimony alone, is held not have suggested the exclusion of consideration of the direct evidence in the case, the jury having been expressly told in another part of the charge that consideration must be given to all the evidence brought before them.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed November 6, 1920. Affirmed.

*W. B. Ham,* of Stockton, and *C. W. Smith,* of Topeka, for the appellant.

*Richard J. Hopkins,* attorney-general, *F. E. Young,* county attorney, and *W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  James McDonald was prosecuted jointly with Dan Ryan for the offense of burning several stacks of rye owned by McDonald, which had been insured against loss by fire, and that it had been done with the intent to defraud and prejudice the insurance company.  On a separate trial McDonald was found guilty of arson in the third degree and from the judgment of conviction he appeals.

Dan Ryan was a witness in behalf of the state, and his evidence was to the effect that he had set fire to the stacks upon the request and by the procurement of the defendant, who agreed to give him fifty dollars for the accomplishment of the purpose; that defendant desired to use the insurance money to

pay mortgage indebtedness he owed; that defendant told Ryan that he was going to Salina on a certain day to remain there over night and requested him to burn the rye on that night, and that Ryan fired and burned the stacks at that time in accordance with the defendant's request.

There is a complaint that error was committed in admitting the testimony of Ryan as to the arrangement made for the burning of the rye as he was an accomplice and conspirator, and that the witness having confessed himself to be a coconspirator, he was not a competent witness to prove the conspiracy. The crime charged was not that of conspiracy but of arson. The defendants were jointly charged with that crime, and the evidence offered was to the effect that the defendant had aided and abetted the offense, and in fact had procured it to be committed. Under the statute "any person who counsels, aids and abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal." (Crim. Code, § 115, Gen. Stat. 1915, § 8029.) The defendant having been charged with arson which he advised and procured another to commit was properly tried as if he were a principal, and the testimony of one through whom he acted, even if it had not been corroborated, was competent. In *The State v. Patterson,* 52 Kan. 335, 34 Pac. 784, it was decided that the uncorroborated testimony of an accomplice is legally sufficient to sustain a verdict of guilty, but of course the credit to be given to the testimony of an accomplice is a matter for the determination of the jury. And the same rule was applied in *The State v. Bratcher,* 105 Kan. 593, 185 Pac. 734. It may be said, however, that considerable evidence was offered corroborating the testimony of Ryan in several important features of the offense.

There is complaint of the exclusion of testimony to the effect that Ryan was a member of the I. W. W.; that there was a stranger in the neighborhood at the time of the burning, suspected of being a member of that organization, and that Ryan had been seen talking with him. Obviously this was too remote to be of any evidential force, either to prove that the offense was committed by the stranger or to impeach Ryan.

Some declarations made by Ryan in the absence of the defendant were erroneously admitted, but upon the objection of

The State v. McDonald.

the defendant these were promptly withdrawn from considera-
tion, and the court in its charge took the precaution to warn
the jury that they must disregard the rejected testimony and
base their verdict alone upon that which was accepted. Ordi-
narily the prompt withdrawal of improper evidence and a
caution by the court to give it no consideration cures the error
of its admission. An examination of all the evidence satisfies
us that no prejudice resulted to the defendant from the ex-
cluded testimony.

Another assignment is that the court erred in giving the
following instruction:

". . . You are instructed that under the law of Kansas, any one who
aids, abets, or assists another or others in the commission of any crime,
either by conspiring or confederating together, counseling and advising in
the commission of such crime and preparation thereof, is equally guilty
with the one actually committing the crime, and you are therefore in-
structed in this case, that should you find that the defendant conspired
and confederated with Dan Ryan for the commission of the crime alleged
in the information, and that he did in any way aid, assist, or abet in its
commission, either by counsel or concealment, then he is guilty as though
he had himself, without assistance, committed the crime."

It is urged that the word "aid" is open to more than one in-
terpretation, and therefore, it should have been defined by the
court. It is doubtful if the meaning of the term could have
been made clearer or aided in any way by a definition. There
was no likelihood that the jury would infer that he aided in the
commission of arson by doing some innocent act towards its
accomplishment. If there was anything in the evidence indi-
cating a necessity for such definition, it was the duty of the de-
fendant to request an instruction on that feature of the case,
but no such request was made.

Exception is also taken to that part of the instruction in
which it was said that if the defendant did in any way aid,
assist or abet in the commission of the offense, "either by coun-
sel or concealment, then he is guilty as though he had himself,
without assistance, committed the crime." The objection is
that the word "concealment" was not defined. The prosecution
did not offer evidence as to, or rely upon concealment of the
crime, but rather that the defendant directly bargained for and
procured the burning of the rye. There was nothing in the
evidence which required a definition or even mention of con-

cealment, and under the rule of *The State v. Hoerr,* 88 Kan. 573, 129 Pac. 153, the instruction as given was not prejudicial error.

Complaint is made of instruction six in which the jury were told in effect that if the defendant requested and procured Ryan to burn the rye with the intent to defraud or prejudice the insurance company, and in pursuance of which he did burn it, they would be justified in finding the defendant guilty. It is said that the court did not tell the jury that such belief must be based on evidence and established by evidence beyond a reasonable doubt. In other parts of the charge the court plainly instructed the jury that every element of the offense must be established by the evidence and proven beyond a reasonable doubt. This general admonition was made applicable to every feature of the prosecution and every ingredient of the offense, and there was no occasion for repeating it in every instruction given. Although complaint is made we find no inconsistency between this instruction and the following ones as to motive or intent.

Nor is there any ground for the complaint that in the thirteenth instruction the court took from the jury the right to determine who was principal and who an accomplice, since under the law both are regarded as principals, and besides, the testimony, if true, showed beyond a peradventure that the defendant was the principal who procured Ryan to act as his tool in the accomplishment of his criminal purpose.

Defendant also complained of the instruction relating to circumstantial evidence. The jury were told that some of the evidence in the case was circumstantial and that such testimony is, many times, as conclusive in its convincing power as the direct and positive evidence of eyewitnesses; that it should have its fair and just weight, and if, when all taken together and candidly weighed, it convinces the guarded judgment of the jury beyond a reasonable doubt of the defendant's guilt, a conviction might rest upon such testimony alone. The court added that in order to convict on circumstantial evidence alone, not only all the circumstances must all concur to show the guilt of the defendant, but they must be inconsistent with any other rational conclusion. It is said that by this instruction the jury were informed they might convict the defendant upon the cir-

Bank v. Pirotte.

cumstantial evidence regardless of the other evidence in the case. Manifestly the court was speaking of this particular kind of evidence and the consideration that should be given to it, but it did not suggest that the direct evidence should be disregarded. In other parts of the charge the jury were advised that consideration must be given to all the evidence in the case, and that they were to apply the instructions as a whole to all the facts and circumstances presented for their consideration.

Other objections are made to rulings on evidence and to the instructions, but we find no substantial error in them, nor anything which requires special comment. The evidence is abundantly sufficient to sustain the verdict, and finding no material error in the proceedings, the judgment is affirmed.