No. 27,550.

THE STATE OF KANSAS, *Appellee*, v. T. A. LOGAN, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Evidence — Uncorroborated Testimony of Accomplice.* A conviction of one of three persons who participated in the commission of an offense may be based on the uncorroborated testimony of an accomplice, if it is otherwise sufficient.

2. LARCENY—*Evidence—Sufficiency.* The testimony examined and held to be sufficient to sustain a finding that defendant was guilty of larceny.

3. TRIAL—*Misconduct of Counsel.* A complaint that there was misconduct of counsel for the prosecution in his argument to the jury is held to be without merit.

Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1927. Affirmed. ·

*R. W. Turner,* of Mankato, and *L. C. Uhl, Jr.,* of Smith Center, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Miles Elson,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by T. A. Logan from a judgment of conviction upon a charge of larceny.

The principal ground of attack upon the judgment is that the evidence is insufficient to sustain the conviction. The subject of the larceny was Sudan grass seed of the value of more than $20. It was conceded that the seed was the property of George B. Morgan and was stolen from his granary. Upon learning of the theft the sheriff of the county was notified, who in company with Morgan began a search for the seed and for the parties who had stolen it. They traced automobile tracks from the granary to the home of Lee Musgrave, and found some Sudan seed in his car under the cushion of the rear seat. They went to the home of Logan and questioned him as to the whereabouts of Musgrave and learned from him that the Musgrave family had taken supper at his house the night before. When the sheriff proposed a search of Logan's premises he advised them to go ahead, that he would go with the sheriff. The search of the

Accomplice, 1 R. C. L. 165, 166. Criminal Law, 16 C. J. pp. 696 n. 60, 697 n. 69, 894 n. 35, 928 n. 80. Larceny, 36 C. J. p. 899 n. 34.

premises was made, but no seed was found there. Subsequently they went to the farm of Mrs. Richards, the mother-in-law of Logan, whose farm had been handled by him, and there they found ten sacks of seed. One of the sacks had a tag on indicating that it had contained rolled oats and had been shipped by Montgomery Ward & Company to Logan. Prosecutions were begun against Lee Musgrave and Cecil Casteel, each of whom entered a plea of guilty, but Logan when arrested denied guilt and defended against the charge.

The principal testimony in behalf of the state was given by Musgrave. He testified that at one time when Cecil Casteel and himself were present with Logan, Logan asked them to get some Sudan seed for him. On other visits later he asked Musgrave to get the seed and on the last occasion Logan brought in a bunch of sacks and sorted out a number of them and told them to put the seed in them, and when they got the seed to put it in his mother-in-law's, Mrs. Richard's, granary. The witness stated that he and Casteel took the sacks given them by Logan and with some of his own went to the Morgan place, where they took the seed and put it into the sacks and took it to the Richards' granary as directed and where it was found. Logan talked to the witness on three different times about getting the seed. In one of the conversations, when Casteel was present, the latter remarked that there was seed at the Morgan place and that Logan told them to get it and that they would receive $1 a bushel for it. At another time he asked Musgrave if he would go and get this seed for him, and the latter replied that he "didn't know." A day or two after the seed was taken Logan told Musgrave to stop and get some money. He did so, and testified that Logan paid him $3.50, and also filled the tank of his car with gasoline. The money promised was handed to Musgrave by Mrs. Logan. Logan admitted that Musgrave had been at his home a number of times, but denied positively that he had ever talked with either Musgrave or Casteel or with anyone else about Sudan seed. The sheriff testified that when they were at Logan's place searching for the seed Logan told them if they would go to Rhinehart's place or to Bill Campbell's they would probably find the Sudan seed, if the Casteel boy had anything to do with it. In view of the testimony of Musgrave and the circumstances connected with it, it cannot be said that the evidence is insufficient to sustain the verdict.

Considerable is said to the effect that the evidence of Musgrave,

an accomplice, stands alone, and being uncorroborated it should be disregarded. It has been decided that where two persons are charged with an offense and upon separate trial one of them testifies against the other, the testimony of the witness, although an accomplice, is competent and his uncorroborated evidence, if otherwise sufficient, will sustain a verdict of guilty, but the credit to be given the testimony of an accomplice is one for the jury. (*State v. McDonald,* 107 Kan. 568, 193 Pac. 179. See, also, *State v. Patterson,* 52 Kan. 335, 34 Pac. 784; *State v. Bratcher,* 105 Kan. 593, 185 Pac. 734.)

Although there were contradictions of the testimony given by Musgrave, the jury evidently gave credence to it, and besides, some other testimony and certain circumstances tended to corroborate that given by him. After Logan had been told that there was seed at Morgan's place, he insisted that Musgrave and Casteel get the seed, although he knew that neither of his accomplices wanted or had occasion to use such seed, or means to purchase it. He was offering to pay them $1 a bushel when it was worth much more. When his accomplices had gotten the seed and put it in his mother-in-law's granary, as he had directed, and the sheriff and Morgan were on a hunt for the seed and were interrogating Logan the morning of the theft, he undertook to put them on a new scent and suggested that they look in another direction, at places other than the Richards granary, where he had directed the seed to be placed. While there is no direct evidence that he told his accomplices to steal Morgan's seed, the testimony altogether points to the fact that that was the purpose, and it being shown that he counseled and abetted them in the larceny, he was subject to prosecution and conviction as a principal.

Some complaint is made that counsel for the prosecution, in his argument to the jury, referred to defendant as the main offender and the principal criminal, and for this defendant asked a new trial. In view of the record it is clear that there is no merit in the complaint.

The judgment is affirmed.