## HOGAN v. HILL.
### No. 58.

District Court, M. D. Pennsylvania.

Jan. 2, 1935.

Abram M. Frumberg, Jacob F. Adelman, and I. Reines Skier, all of New York City, for petitioner.

Frank J. McDonnell, U. S. Atty., of Scranton, Pa., Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., A. E. Gottshall, Atty., Criminal Division, Department of

334

Justice, of Washington, D. C., for respondent.

JOHNSON, District Judge.

This case is before the court on a writ of habeas corpus. The petitioner contends that two sentences of imprisonment imposed upon him by two different federal District Courts have been served concurrently and that he has completed service of both sentences.

On June 16, 1930, Daniel Hogan, the petitioner herein, was sentenced by the District Court for the Western District of Louisiana to be confined in the United States penitentiary at Atlanta, for a period of three years and to pay a fine of $5,000, and, in default of the payment of the fine, to be confined an additional period as provided by law. From this sentence, defendant appealed and was released on bail.

While thus released on bail, the petitioner was sentenced on November 21, 1930, by the District Court for the Eastern District of Virginia, Groner, D. J., as follows:

"* * * It is considered and ordered by the court that the said * * * Dan Hogan * * * be imprisoned in said penitentiary (the United States Penitentiary at Atlanta, Georgia) for the period of one year and nine months and fined the sum of Five Thousand Dollars ($5,000.00) without costs, said sentence, as to each of said defendants, to be effective when they surrender themselves to the United States Marshal for this District for confinement in accordance with the judgments herein imposed; but it appearing to the Court that the last named defendant, Hogan alias Kelly, alias Halpin, has been convicted and sentenced for violating the laws of the United States in another jurisdiction and that he is now under bond in that jurisdiction to answer said sentence and judgment at a future date, it is further ordered that the judgment and sentence herein imposed against said defendant shall be in addition to and independent of any other sentence or sentences heretofore imposed against said defendant by any other Court." The petitioner appealed from this sentence and was released on bail.

Both sentences were affirmed and the petitioner was committed to the Atlanta penitentiary on May 14, 1932, by virtue of the commitment issuing out of the said Louisiana District Court. On August 14, 1933, he was transferred to the United States Northeastern penitentiary at Lewisburg, Pa., to complete service of this sentence.

Upon learning that the petitioner was in custody of the warden of the United States Northeastern penitentiary, the District Judge for the Eastern District of Virginia, on September 22, 1933, ordered that the clerk of said court issue a mittimus for the said petitioner, Daniel Hogan. The court, speaking through Way, District Judge, who did not impose the original Virginia sentence, after reciting a history of petitioner's sentence, appeal, etc., made the following order: "It is accordingly ordered that the Clerk of this Court do forthwith issue mittimus for the said Dan Hogan, alias J. Kelly, alias Dan E. Halpin, and that the Marshal of this Court is hereby ordered and directed to take the said Dan Hogan, alias * * * into the custody upon the expiration of the sentence now being served in said penitentiary, at Lewisburg, Pennsylvania, and do upon taking the said Dan Hogan alias * * * into the custody, forthwith deliver him to the warden of the United States Penitentiary at Atlanta, or to such other penal institution as the Attorney General may direct, there to be confined and to serve the sentence heretofore imposed by this Court and be treated in the manner prescribed by law."

In pursuance of the above order, the said clerk, on September 22, 1933, issued the commitment which directed imprisonment for "One year and nine months, to begin at the expiration of any sentence now being served, and to be independent of and in addition to any other sentence which may be pending against him in any other court."

Upon this state of facts petitioner filed his petition for a writ of habeas corpus on November 20, 1934. This court thereupon directed a writ to issue and a hearing thereon was held on November 23, 1934. Upon request of petitioner's counsel for a further hearing, a second hearing was held on December 17, 1934, at which time a brief was filed on behalf of petitioner, and, upon request of counsel for respondent, two weeks were given to respondent in which to file a brief in reply. Petitioner filed an additional brief on December 22, 1934, and respondent filed his reply brief on December 31, 1934.

The petitioner contends that the Virginia court imposed a sentence that ran concurrently with the Louisiana sentence and that the clause, "shall be in addition to and independent of any other sentence or sentences heretofore imposed against said defendant

by any other court," in the Virginia sentence is void for uncertainty and inability of application. The respondent contends that the Virginia sentence, when considered in its entirety, shows that the court imposed a consecutive sentence and that any uncertainty disappears when the sentence is considered in its entirety.

 From the pleadings in this case and the contentions of the parties as set forth in their pleadings, oral arguments, and briefs, the question to be decided by this court is whether the Louisiana sentence and the Virginia sentence ran concurrently or whether they run consecutively, the service of the Virginia sentence commencing at the expiration of the service of the Louisiana sentence.

Before taking up the main issue, it becomes necessary to consider the order of the Virginia District Court above quoted, dated September 22, 1933, in pursuance of which the Virginia commitment issued. This order changed the sentence of the court dated November 21, 1930, in several respects, notably by directing the marshal to take the petitioner into custody "upon the expiration of the sentence now being served. * * *" This order was made by District Judge Way and not by District Judge Groner, who imposed the original Virginia sentence, and for that reason it is not helpful in arriving at the intent of the sentencing judge. It cannot be considered as a part of, or as altering in any respect, the original Virginia sentence, since it was rendered about three years after sentence was imposed during a later term of court and in the absence of petitioner. Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; United States v. Lane (D. C.) 221 F. 299; United States v. Pile, 130 U. S. 280, 9 S. Ct. 523, 32 L. Ed. 904. Counsel for respondent disposes of this order by stating: "The order of the ·Court dated September 22, 1933, directing issuance of a commitment * * * is not in issue; hence not discussed." This court, in considering the nature of the Virginia sentence, must disregard the said order of September 22, 1933, which changed the original sentence.

Now as to the main question whether the two sentences are concurrent or consecutive. In United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 157, 70 L. Ed. 309, the Supreme Court, in construing sentences on three counts of a single indictment, laid down the following general principle: "Sen-

tences in 'criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." The court distinguished the case of United States v. Patterson (C. C.) 29 F. 775, which involved three separate indictments in the same court and a sentence thereunder which imposed a term of five years upon each indictment, and added that the said terms shall not run concurrently. The court in the Patterson Case held that the sentence did not specify upon which indictment either of said terms of imprisonment was to be undergone and that the words "not to run concurrently" were uncertain and incapable of application and that the sentences ran concurrently.

In Boyd v. Archer (C. C. A.) 42 F.(2d) 43, 44, 70 A. L. R. 1507, which followed the principle enunciated in the Daugherty Case, the Circuit Court of Appeals did not distinguish between sentences on counts of the same indictment and sentences on separate indictments. In that case the District Court for the Western District of Washington sentenced the defendant on February 27, 1928. On March 15, 1929, the same court sentenced the same defendant on another indictment with the express provision that "said term of imprisonment is to run consecutively and not concurrently with and in addition to the sentence heretofore imposed in a former cause." Understanding this reference to be to the prior sentence of the same court, the clerk, in preparing the commitment, made specific reference thereto by number. The Circuit Court of Appeals said: "True, here the sentences are in two separate causes, whereas there they were on three counts of a single indictment. But logically that consideration cannot be controlling; the question in either case is of the intent of the court." Then, after setting forth the rule in the Daugherty Case, the court said that "the record, we think, fairly measures up to this standard." Circuit Judge Rudkin, dissenting, said, after quoting the rule in the Daugherty Case: "If this be the rule, a sentence which contains no further description of a prior sentence than a general reference to a sentence imposed in a former cause, without naming the court or the place of confinement, does not, in my opinion, measure up to this requirement."

In Rosso v. Aderhold (C. C. A.) 67 F. (2d) 315, the court, in following the Daugherty Case, maintained the distinction be-

tween sentences on counts of the same indictment and on different indictments.. The sentence involved in that case was: "Defendant present and sentenced to be imprisoned for two years each on first five counts and five years on sixth count, at federal penitentiary at Atlanta, Georgia, making a total of fifteen years." The court decided that the concluding words, "making a total of fifteen years," sufficiently show the intent of the judge that the terms of imprisonment on the several counts are not to be served concurrently and said: "We regard as now established, at least as to several counts of the same indictment, the more sensible rule that where sentence is pronounced imposing at the same time several terms of imprisonment, and the language of the sentence makes it clear that the judge intended them to be served not concurrently, but consecutively, although no order of their service is prescribed, they will not be concurrent, but a sequence of service corresponding to the order of the counts will be implied."

In reviewing the above cases cited by respondent, it is to be noted that the sentences construed in the Daugherty and Rosso Cases were imposed on separate counts of the same indictment and both counts maintained a distinction between such sentences and sentences imposed on separate indictments. In the Boyd Case, involving sentences on separate indictments in the same court, the court did not preserve the distinction above noted. The sentence involved in that case was not clearly expressed as a consecutive sentence and the dissenting judge was quick to recognize its uncertainty. The sentencing judge left its doubtful interpretation to those who must execute the sentence, and the duty of interpreting it fell upon the clerk who issued the commitment.

■ The case at bar suggests a further distinction in that the sentences here involved were imposed on separate indictments in different courts. If a court attempts to impose a sentence consecutive to another imposed by a court in another district, it is incumbent upon it clearly to specify its intent, at least more so than if it were attempting to impose consecutive sentences on separate indictments in the same court or on different counts of the same indictment.

In construing the Virginia sentence in its entirety, this court is forced to conclude that the sentence does not reveal with fair certainty that the Virginia court intended to impose a sentence to run consecutively to the Louisiana sentence, which is not even named or specified. Serious misapprehensions are left to those who must execute the sentence. A sentence which does not specify the time of its commencement and which describes a prior sentence by general reference, without stating its duration, the place of confinement, or the court which imposed it, does not measure up to the requirements enunciated by the Supreme Court in the Daugherty Case. "In addition to and independent of any other sentence * * *" carries out the idea of additional punishment for the additional crime in the sense that the punishment inflicted is greater in degree. Ex parte Wernsen, 93 Kan. 625, 144 P. 1018. If a sentence raises a serious doubt, the doubt should be resolved in favor of liberty.

■ Following the above authorities and reasoning, this court is constrained to hold that the sentences in question are concurrent and not consecutive.

Having determined that the Virginia sentence is not consecutive, it began to run on petitioner's arrival at the Atlanta penitentiary. Both the Louisiana sentence and the Virginia sentence were imposed by authority of the United States courts and were to be executed in the Atlanta penitentiary. There being nothing to prevent, each began to run on his arrival there and he would be entitled to discharge at the expiration of the longest term. United States v. Patterson (C. C.) 29 F. 775; Zerbst v. Lyman (C. C. A.) 255 F. 609, 5 A. L. R. 377. While a commitment ought regularly to go with the defendant, its absence does not render the imprisonment unlawful, for the sentence is the real authority for holding him. Aderhold v. McCarthy (C. C. A.) 65 F.(2d) 452; Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89; Howard v. United States (C. A.) 75 F. 986, 34 L. R. A. 509; People v. Baker, 89 N. Y. 461; People v. Green, 281 Ill. 52, 117 N. E. 764; In re Moore, 14 Ohio Cir. Ct. R. 237. The respondent in his pleadings, briefs, and oral arguments does not contend that the service of the Virginia sentence by the defendant began at a date later than his admission to the Atlanta prison, if the sentences in question are concurrent. His only position is that the Virginia sentence is consecutive.

■ It having been shown to the court that the petitioner is entitled to deductions for good conduct, he has completely served both

sentences, including the thirty days solely for nonpayment of fine. The petitioner indicated to the court his desire to make application for discharge under the indigent convict act and attempted so to do before this court, but the act, 18 USCA § 641, provides that the procedure must be before the United States Commissioner. Due to the fact that the warden held the petitioner under an apparently valid commitment, it appears that the Commissioner would not entertain the proceedings. This court having determined that the petitioner's sentences were duly served, he can now apply to the Commissioner to proceed under the indigent convict act.

Because the petitioner has not yet taken the oath of an indigent convict in accordance with the act (18 USCA § 641), he is under legal restraint and this court must, therefore, dismiss the writ on that account, since the writ is granted only when the prisoner is entitled to immediate release. Mc-Nally v. Hill, 55 S. Ct. 24, 79 L. Ed. —, opinion of Supreme Court filed November 5, 1934.

And now, January 2, 1935, it is hereby ordered that the petition for writ of habeas corpus be, and the same hereby is, dismissed and the writ discharged.