373 F.2d 13
 Geneva TRACY, Victoria De Lee, Anna William, Ollie Mae
Utsey, Dianne Grant, by her mother and next friend, Laureen
Grant, Edna De Lee, by her mother and next friend, Cora Lee
De Lee, James Lemon, by his mother and next friend, Beatrice
Lemon, on their own behalf and on behalf of all others
similarly situated, Appellants,
v.
Jack W. ROBBINS, individually and as Chief of Police of the
Town of St. George, W. Duncan Horne, individually and as
Mayor of the Town of St. George, J. Wilson Patrick,
individually and as Town Attorney for the Town of St.
George, and their agents, successors, employees,
subordinates and attorneys, Appellees.
 No. 10718.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 10, 1967.
Decided Feb. 7, 1967.
 
 Henry M. diSuvero, New York City (Russell Brown, Charleston, S.C., and Carl Rachlin, New York City, on brief), for appellants.
 Nathaniel L. Barnwell, Charleston, S.C. (Legare Walker, Jr., Sidney B. Jones, Jr., Summerville, S.C., Ben Scott Whaley, Charleston, S.C., Walker, Walker & Jenkins, Summerville, S.C., and Barnwell, Whaley, Stevenson & Patterson, Charleston, S.c., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and KAUFMAN, District Judge.
 PER CURIAM:
 
 
 1
 This proceeding was commenced for the vindication of alleged rights under the First Amendment. It was an aftermath of the arrest and prosecution of some pickets and demonstrators in the public streets of St. George, Sough Carolina. The defendants are the Mayor of the Town of St. George who, in his capacity as municipal judge, presided at the trials of the arrested pickets, the Town Attorney, who acted as prosecutor in those proceedings, and the Chief of Police who, individually or through subordinates, effected the arrests. Injunctive relief and damages were sought.
 
 
 2
 The District Court dismissed the complaint as to the Mayor and the Town Attorney. The dismissal was on the ground of judicial immunity, but the order left in the case the Chief of Police and incorporated leave to amend the complaint.
 
 
 3
 This appeal by the plaintiffs from the order dismissing the complaint as to the Mayor of the Town and its Attorney is premature. It is not a final order within the meaning of 28 U.S.C.A. 1291, for the action may proceed against the Chief of Police, and, for all that now appears, all the relief to which the plaintiffs may be entitled may be granted and made effective though the Chief of Police is the only remaining defendant. There is no appeal from any order denying an injunction which might be allowable under 28 U.S.C.A. 1292(a), nor is there any contention that the order dismissing the Mayor and the Town Attorney involves a controlling question of law, which would allow a permissive appeal under 28 U.S.C.A. 1292(b), provided the requisite certification of the District Judge were present. There has been no determination by the District Judge that there is no just reason for delay and express direction of the entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The order has not been made final under that rule, and the conditions for allowance of an appeal from an interlocutory order have not been met.
 
 
 4
 The appeal will be dismissed as premature. Under Rule 54(b), the Mayor and Town Attorney will remain subject to the orders of the Court and, upon entry of a final order, the propriety of the order dismissing the complaint as to them will be subject to appellate review.
 
 
 5
 We assume that the taking of this appeal will toll the running of the time allowed by the District Judge for an amendment of the complaint. The dismissal of the appeal, of course, is without prejudice to any subsequent appeal which may be taken under either 1291 or 1292.
 
 
 6
 Appeal dismissed.