**Charles T. WILLIAMS, Appellant,**

v.

**J. E. BAKER, Warden, New Mexico State Penitentiary, Appellee.**

**No. 9991.**

United States Court of Appeals
Tenth Circuit.

Aug. 27, 1968.

Thomas O. Olson, Special Asst. Atty. Gen., for appellee.

No response was filed by the appellant.

Before MURRAH, Chief Judge, and SETH, Circuit Judge.

PER CURIAM.

■ Appellant, a state prisoner, is serving a life sentence for murder. His first contention is that a mistrial should have been granted when the prosecution referred to a prior conviction as "statutory rape" when in fact the conviction was for contributing to the delinquency of a minor.

"[I]nstances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial but not a perfect one.'" Bruton v. United States, 391 U.S. 123 at 135, 88 S.Ct. 1620 at 1627, 20 L.Ed.2d 476 (1968). In the instant case the trial court properly admonished and instructed the jury to disregard any reference to the statutory rape charge. See State v. Williams, 76 N.M. 578, 417 P.2d 62 at 64 (1966). It is not unreasonable to conclude in this case that the jury could and did follow the trial judge's instruction.

■ Appellant's second contention is that the challenge to the jury panel should have been sustained since the jury was not apportioned "as nearly as may be" among the various voting precincts. The voting percentage of appellant's precinct was 8.8% of the county's voting population, and the percentage of persons selected from his precinct was 6.8% of the 1060 names on the jury list. None of the venire of 34 persons from which the petit jury of 12 was drawn were from appellant's precinct. "It is insufficient, to sustain a challenge to the legality of a jury panel, to show only that a particular group of persons is not represented. The test of validity of the panel is whether there has been a systematic attempt to exclude a particular class or group which is eligible for jury service." McManaman v. United States, 327 F.2d 21 at 23 (10th Cir.1964). See also, United States v. Hoffa, 349 F.2d 20 (6th Cir.1965). One is entitled to relief only upon proof which discloses a "purposeful discrimination" to exclude members of a class from the jury panel. Woods v. Munns, 347 F.2d 948 (10th Cir.1965). There is no showing of any irregularity in the selection of jurors, or that there was a systematic attempt to exclude any class of persons.

■ The third claim for relief is based on the state trial court's refusal to give defense counsel's tendered instruction regarding evidence of intoxication. The highest court of the state held that the tendered instruction was an incorrect statement of New Mexico law. State v. Williams, supra. This interpretation is binding on the federal court. Newman v. Rodriguez, 375 F.2d 712 (10th Cir.1967).

■■ Appellant's final contention is that the trial court improperly denied a request for a change of venue. This claim has not been submitted to the state courts for their determination. Appellant must first exhaust his available state remedies before presentment of his claims to a federal forum. 28 U.S.C. § 2254. Cox v. Raburn, 314 F.2d 856 (10th Cir.1963), cert. denied 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1074 (1963).

Appellee's motion to affirm is granted and the judgment is affirmed.