George B. SMITH, Defendant-Appellant,

v.

R. J. GAFFNEY, Warden, Kansas State Penitentiary, Lansing, Kansas, Plaintiff-Appellee.

No. 71–1609.

United States Court of Appeals, Tenth Circuit.

July 3, 1972.

Rehearing Denied Aug. 7, 1972.

---

Harris D. Sherman, Denver, Colo., for defendant-appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan. (Vern Miller, Atty. Gen., Topeka, Kan., on the brief), for plaintiff-appellee.

Before JONES [*], HILL and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

George B. Smith, a state prisoner, appeals from an order dismissing his petition for a writ of habeas corpus.

In June, 1962, Smith was convicted in the Sedgwick County District Court of Kansas on counts of second degree burglary and grand larceny. The Court, upon a showing of two prior Oklahoma felony convictions and one prior Kansas felony conviction, imposed concurrent life sentences pursuant to the Kansas Habitual Criminal Act, K.S.A. 21–107a.

Smith collaterally attacked the concurrent life sentences in both state and federal courts on the ground that two of the three prior convictions relied upon to enhance the sentences were invalid for lack of counsel. After an evidentiary hearing, the Federal District Court, finding that Smith had exhausted available state remedies, held that the two prior Oklahoma convictions relied upon to enhance his sentences were void. Smith v. Crouse, 298 F.Supp. 1029 (D. Kan.1968). This court affirmed in Smith v. Crouse, 413 F.2d 979 (10th Cir. 1969).

Smith was returned to the Sedgwick County District Court of Kansas for resentencing. On September 5, 1969, he was resentenced as a second offender under the Kansas Habitual Criminal Act. He was sentenced to a term of not less than ten years nor more than twenty years on his conviction of second degree burglary, and a term of not exceeding ten years on his larceny conviction. The sentences were ordered to run consecutively. At this proceeding the Court relied upon the prior valid Kansas felony conviction in invoking the recidivist statute.

Smith thereafter attacked his resentences on direct appeal to the Kansas Supreme Court, contending that the consecutive sentences were more severe than the concurrent life sentences originally imposed in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). He also urged that despite the language of the Kansas statutes it was unlawful to prescribe consecutive sentences for burglary and for larceny, in that they constitute only one offense. Both of these arguments were rejected. State v. Smith, 206 Kan. 744, 481 P.2d 995 (1971).

Smith then filed a habeas corpus proceeding in the United States District Court of Kansas. He alleged that he had not been properly credited with the

* Of the Fifth Circuit, sitting by designation.

seven and one-quarter years which he had served in the Kansas State Penitentiary after imposition of the initial sentences. He argued that having served seven years and three months upon *each* of his two original concurrent life sentences that he is entitled to a credit of seven years and three months upon *each* of his present sentences. The trial court concluded that Smith had been properly credited with the seven and one-quarter years on the burglary sentence and that such credit satisfied the mandate of *Pearce*.

■ While no finding was made below concerning the exhaustion of available state remedies, the record before us affirmatively shows that state remedies have not been exhausted.[1] When Smith brought his post conviction action, he did not present to the Kansas Supreme Court nor did it pass upon the question as to whether he was properly credited with the seven and one-quarter years he spent in prison prior to resentencing. In his direct appeal he challenged only the propriety of the current sentences. He argued that the new sentences were more severe than the old sentences, in violation of the dictates of *Pearce*.

In *Pearce* the Supreme Court was careful to note that the issues of the proper credit to be given for time served on the original sentence and the limitations upon the imposition of a more severe punishment after conviction for the same offense upon retrial are "related but analytically separate issues." North Carolina v. Pearce, *supra*, 395 U.S. at 715, 89 S.Ct. 2072, 23 L.Ed.2d 656. In view of the fact that the Kansas Supreme Court has not resolved the question of the proper credit to be given to Smith, the federal courts should not undertake to adjudicate this issue. We hold, accordingly, that Smith's claim as to this issue is not properly before us for consideration on the merits as required by 28 U.S.C. § 2254. Whiteley v. Meacham, 416 F.2d 36 (10th Cir. 1969),

rev'd. on other grounds, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Williams v. Baker, 399 F.2d 681 (10th Cir. 1968); Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966), cert. denied 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103 (1966); Allen v. Henderson, 434 F.2d 26 (5th Cir. 1970). See also Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967), cert. denied 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98 (1968); Weaver v. Beto, 429 F.2d 505 (5th Cir. 1970); Tracy v. Robbins, 373 F.2d 13 (4th Cir. 1967).

Smith contends that he has suffered double jeopardy. He argues that the offenses of burglary and larceny in connection with one transaction of criminal conduct constitute one offense, despite the language of the Kansas statutes. He reasons that because both offenses charged were predicated upon a single continuous act and inspired by the same criminal intent that he is being put in jeopardy twice for the same wrongdoing.

■■ It is well established that the double jeopardy clause does not bar conviction and sentence at one trial for multiple offenses arising out of one transaction of criminal conduct where each offense rests on different criminal elements. The doctrine is not violated by single trial convictions when each offense required proof of a fact essential to an element of one charge which is not essential to the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Goldsmith v. Cheney, 447 F.2d 624 (10th Cir. 1971). Here evidence was required to satisfy proof of distinct and separate elements for conviction under each of the two statutes with which Smith was charged. Those statutes were second degree burglary under K.S.A. 21–514, and larceny in connection with a burglary under K.S.A. 21–524. The essence of a burglary charge by virtue of § 21–514 is breaking and entering with a felonious intent. The essence of a larceny charge under §

1. The State of Kansas has on appeal objected to consideration on the merits for failure to exhaust state remedies.

21–524 is unlawful stealing, taking and carrying away goods and chattels of a specified value. The Supreme Court of Kansas has repeatedly defined each as separate and distinct offenses. State v. Baker, 197 Kan. 660, 421 P.2d 16 (1966); State v. Bratcher, 105 Kan. 593, 185 P. 734 (1919). This interpretation of state statutes by the highest court of the State will be followed by the federal courts if not inconsistent with fundamental principles of liberty and justice. Goldsmith v. Cheney, *supra*. We agree that Smith offended two independent and distinct criminal statutes, thus satisfying the test requiring separate elements for conviction under each of the two statutes applied. The factors of taking, asportation and value indispensible in larceny are not found in burglary. Conversely, breaking and entering, which are the essence of burglary, are not consistent with proof of larceny. Petitioner has not been placed twice in jeopardy for the same criminal act and intent.

We affirm the order of dismissal.