9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Levi Frank ROGERS, Petitioner-Appellant,
v.
Donald A. DORSEY, Respondent-Appellee.
 No. 93-2096.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1993.
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Petitioner-Appellant Levi Rogers appeals from the district court's dismissal of his petition for a writ of habeas corpus in which he argued that consecutive sentences for the crimes of second degree murder and aggravated burglary subjected him to double jeopardy. Our jurisdiction arises under 28 U.S.C. 2253 and we affirm.
 
 
 5
 Aggravated burglary, as defined by New Mexico law, consists of the unauthorized entry of a dwelling while armed with a deadly weapon with the intent to commit a felony therein. N.M. Stat. Ann. 30-16-4. Mr. Rogers admitted to the unauthorized entry into his estranged wife's house with the intent of murdering Billy Joe Hyman and to subsequently murdering Hyman. He argues that the aggravated burglary conviction was predicated on the underlying murder and that he performed only one act--he entered the house with the intent to murder Hyman and then did so. He concludes that the separate and consecutive sentences exposed him to double jeopardy for the same offense.
 
 
 6
 The district court adopted the magistrate judge's proposed findings that the crimes of aggravated burglary and second degree murder were separate and distinct, thus allowing for separate punishment in conformity with the Fifth Amendment. We agree with the district court that there was no double jeopardy violation here. The aggravated burglary was complete when Mr. Rogers entered the house with the intent to murder and was in no way dependent on the commission of the subsequent murder. See, e.g., Smith v. Gaffney, 462 F.2d 663, 665-66 (10th Cir.1972) (burglary separate from underlying felony of larceny).
 
 
 7
 Mr. Rogers also argues that aggravated burglary is a lesser included offense in his second degree murder conviction in derogation of the Fifth Amendment. Because this issue was not raised in the district court, we will not address it here. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation